UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSEMARY ELLING,

          Plaintiff,

vs.                    Case No.  2:04-cv-495-FtM-29DNF

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

_____

**OPINION AND ORDER**

      This matter comes before the Court on plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act (Doc. #24), filed on April 28, 2006.  Plaintiff certifies that the government stated that they have no objection to the application.

      Plaintiff in this cause sought judicial review of the final decision of the Commissioner of Social Security of the Social Security Administration (the Commissioner) denying her claim for a period of disability.  On February 2, 2006, the Court entered an Opinion and Order (Doc. #22) accepting and adopting the Magistrate Judge's Report and Recommendation (Doc. #21), reversing and remanding the case to the Commissioner pursuant to sentence four, and directing the entry of judgment.  Judgment (Doc. #23) was entered on February 3, 2006.

**A.  Entitlement To Fees and Expenses:**

In order for plaintiff to be awarded an award of fees under the Equal Access to Justice Act (EAJA), the following five (5) conditions must be established:  (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); Commissioner, INS v. Jean, 496 U.S. 154, 158 (1990).

The Court finds that all conditions for the EAJA fees have been satisfied and the Commissioner does not otherwise object to Plaintiff's establishment of any of the above conditions.

**B.  Calculation of Reasonable Attorney Fees:**

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate.  Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988), aff'd 496 U.S. 154 (1990).  The resulting fee carries a strong presumption that it is the reasonable fee.  City of Burlington v. Dague, 505 U.S. 557, 562 (1992).  Plaintiff seeks a total of $2,301.85 in attorney fees for 15 hours of work between 2004 and 2006, at varying rates based on the Consumer Price Index.

-2-

**(1)   Hourly Rate:**

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.   28 U.S.C. § 2412(d)(2)(A).   Determination of the appropriate hourly rate is thus a two-step process.  The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125, the Court determines whether to adjust the hourly rate.  Meyer v. Sullivan, 958 F.2d 1029, 1033-34 (11th Cir. 1992).   The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases.  Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff requests attorney fees at an hourly rate of $152.50 for the period before December 2005; and $158.00 for the work performed after December 2005 for attorney Kevin Hartman.   The Court finds that the hourly rate is reasonable in light of the current Consumer Price Index (CPI), and the government does not object to the rate.

**(2)   Reasonable Number of Hours:**

Plaintiff seeks compensation for 15 hours.  After reviewing the description of the services provided, the Court concludes that the time is reasonable and properly compensable.

**C.  Costs:**

Plaintiff seeks costs in the amount of $150.00.  The EAJA provides that "fees and other expenses" must be awarded the prevailing party absent a substantially justified government position.  28 U.S.C. § 2412(d)(1)(A).  A prevailing party in a civil action also may be awarded costs as delineated by 28 U.S.C. § 1920.

As the filing fee is a allowable cost under § 1920, the Court will tax the $150.00 filing fee.  See also 28 U.S.C. § 1914; Eagle Ins. Co. v. Johnson, 982 F. Supp. 1456 (M.D. Ala. 1997), aff'd, 162 F.3d 98 (11th Cir. 1998); Royal Palace Hotel Assocs., Inc. v. Int'l Resort Classics, Inc., 178 F.R.D. 595 (M.D. Fla. 1998).

Accordingly, it is now

**ORDERED:**

1.  Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act (Doc. #24) is **GRANTED.**

2.  Attorney fees in the amount of **$2,301.85** for Kevin R. Hartman and costs in the amount of **$150.00** shall be awarded to Plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2142(d).

3.  The Clerk shall enter an Amended Judgment accordingly.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of May, 2006.

JOHN E. STEELE
United States District Judge